# JUDITH SHERMAN
26 Ridge Road
West Long Branch, NJ 07764
Residence (732) 222-2535    Cell (908) 803-5278
Fax (732) 222-7351    E-Mail iamjam1122@aol.com



March 1, 2012

Mr. James J. Waldron, Clerk
U.S. Bankruptcy Court
402 East State Street
Trenton, NJ 0860

Re: Case #11-27398-RTL

Dear Mr. Waldron:

I am filing an objection to Debtor Natalie Nebblett's modified Disclosure Statement and Chapter 11 Plan of Reorganization dated 2/10/2012.

Having read the above-mentioned statement and proposal, I do not see any substantive difference from the items previously rejected by the Court.

In the past Dr. Nebblett's financial irresponsibility led her to amass debts, which she now seeks to either modify or void through bankruptcy proceedings. Her depositions indicated that she either couldn't or wouldn't recall many of the details regarding her acquisition or disbursement of funds, only that her current difficulties resulted from circumstances beyond her control, and that she should not be held accountable for most of her debts.

As noted in the first Bankruptcy hearing, Dr. Nebblett earns, and will continue to earn, a generous income. Although she claims her wages will remain relatively static, past history does not support this. Inasmuch as she does not currently operate from her own office, her business expenditures should be minimal. She does not itemize "Other professional expenses," and "cable/internet/phone" fees are duplicated as Household Expenses.

Dr. Nebblett currently resides in a large, luxurious home, although she claims that it is currently worth less than she owes. She includes a letter from Diane Turton, Realtors, stating that Jerry Sherman contacted them for a market analysis evaluating the property. This is the only evaluation included in the Disclosure. Although her name does not appear on the paperwork, is it a coincidence that the firm contacted by Mr. Sherman is the same agency that employs Mr. Sherman's lawyer's wife as an agent?

I never saw a copy of the previous worksheet, but Dr. Nebblett's current projected household expenditures seem unreasonably high. Her out-of-control spending created the current situation, and she seems to show no desire to bring her style of living into line with her financial responsibilities. Basically she intends, by filing for bankruptcy, to rid herself of much of her debt at the expense of legitimate creditors. She has chosen to file under Chapter 11, although it is my understanding that this statute is used primarily for corporate filings. She is especially contemptuous in her disregard for unsecured creditors, for whom she has set aside a mere pittance, the same ridiculously low amount she originally proposed.

Were she truly interested in making her creditors whole and behaving honorably, she could rid herself of the extraordinary expenses incurred by living in a mcmansion. She could still live very comfortably in a less ostentatious abode and allocate the subsequent savings in mortgage, taxes, utilities, etc., toward resolving her debts in a more complete and timely fashion.

Although she claims that her son's needs require special attention, the public school system does provide extra assistance to address these issues. Health club memberships and private schooling are luxuries not always available to people under financial constrictions.

In conclusion, I feel that Dr. Nebblett understates her income and overstates her monetary needs, to the detriment of her legitimate secured and unsecured creditors. I hope the Court will decide that her proposal is unreasonable and therefore unacceptable. Given her past economic management history, Dr. Nebblett should not be granted the right to proceed as she wishes.

Very truly yours,

*Judith Sherman*
Judith Sherman

cc: Eugene D. Roth, Esq.
    Office of the U.S. Trustee